IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

---------------------------------------------------------------------------x
MCR INVESTORS LLC

      *Plaintiff*,

      -against-

PHOENIX LAUNDRY LLC

      *Defendant*.
---------------------------------------------------------------------------x

Case No.: 3:24-cv-02802

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

# COMPLAINT

MCR Investors LLC ("MCR" or "Plaintiff") seeks judgment against Phoenix Laundry LLC ("Phoenix" or "Defendant") in an amount not less than $558,000, plus additional damages to be proven at trial, as a result of Phoenix's breaches of the Laundry Rooms Service Contract entered into between the parties on or about May 11, 2023 (the "Agreement") and the breach of a settlement agreement dated October 9, 2024 (the "Settlement").

## NATURE OF THE ACTION

1. MCR engaged Phoenix to maintain and manage its laundry facilities in over 115 hotels managed by MCR around the country. Phoenix's obligations included the installation of card readers to collect revenue generated by the laundry equipment installed in the hotels, as well as repairing and replacing laundry equipment as needed at each hotel.

2. When Phoenix collected revenue via the card readers under the Agreement, it had a duty to pay MCR 50% of the revenue collected on a monthly basis.

3.  As of the date of this Complaint, Phoenix has failed to pay at least $203,000 of revenue owed to MCR, and also breached the Agreement by failing to replace and repair laundry equipment at numerous hotels as required under the agreement. To date MCR has had to pay other vendors for repair and replacement services, and expend capital costs or expected capital costs in an amount of at least $355,000.

4.  MCR terminated the Agreement informally in May 2024, and again, formally, on June 11, 2024.

5.  MCR has demanded payment from Phoenix, but Phoenix has refused to pay MCR what is owed.

6.  As a result of Phoenix's non-payment, MCR filed a lawsuit in this District on July 2, 2024, styled *MCR Investors LLC v. Phoenix Laundry LLC*, Case No. 3:24-cv-1680 (N.D. Tex.) (the "First Lawsuit.").

7.  The First Lawsuit was settled on October 9, 2024 and a dismissal without prejudice was filed on October 15, 2024.

8.  Phoenix has failed to make payments due and owing under the Settlement totaling $109,545 as of the date of this Complaint.

## PARTIES, JURISDICTION AND VENUE

1.  MCR is a Delaware Limited Liability Company with its principal place of business in Dallas, Texas. No LLC member of MCR is a citizen or resident of the State of Arizona.

2.  Phoenix is an Arizona Limited Liability Company with its principal place of business in Mesa, Arizona. Phoenix has a single LLC member, who is a resident of the State of Arizona.

3.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)

because there is complete diversity of citizenship between MCR and Phoenix and the amount in controversy exceeds $75,000, exclusive of interests and costs.

4.   This Court has personal jurisdiction over Phoenix because, *inter alia*, Phoenix has contracted with the Dallas office of MCR in connection with the agreement at issue in this matter, in which it agreed that Texas law applies to this dispute, and because Phoenix partially performed and breached the contract at issue in this district.

5.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District.

## RELEVANT FACTS

6.   MCR is the operator of over 115 hotels throughout the United States, including hotels with well-known brand names such as Courtyard by Marriott, Fairfield Inn & Suites, Hilton Garden Inn, Hampton Inn & Suites, Residence Inn, and many others (hereafter the "MCR Hotels.").

7.   Phoenix is a single member LLC that purports to be in the business of managing, maintaining, and repairing commercial laundry equipment.

8.   On May 11, 2023, the parties entered into the Agreement, entitled "Laundry Rooms Service Contract," which required Phoenix to install Phoenix-owned card readers on existing laundry machines in more than 115 MCR Hotels, as listed on an attachment to the Agreement. In addition, Phoenix was obligated to repair existing laundry machines in the MCR Hotels and replace, at Phoenix's expense, laundry machines that could not be repaired, subject to Phoenix owning title to any new laundry machines installed under the Agreement.

9. The Agreement provides that Phoenix will collect the funds from the laundry facilities at the MCR Hotels, and then remit 50% of such funds to MCR as a license fee ("License Fees"), subject to certain deductions not relevant here.

10. As of the date of the filing of this Complaint, Phoenix owes MCR over $203,000 in License Fees.

11. Moreover, Phoenix has, in many instances, failed to repair and/or replace broken laundry machines in the MCR Hotels and failed to install new laundry machines at the MCR Hotels even when they were delivered.

12. MCR has provided Phoenix numerous notices of its failure to repair or replace the laundry machines at the MCR Hotels, to no avail.

13. As of the date of the filing of this Complaint, MCR has had to hire other vendors to repair or replace laundry machines in the MCR Hotels, costing MCR over $355,000, and such costs continuing to accrue.

14. MCR informally terminated the Agreement with Phoenix in May 2024, and formally terminated the Agreement by letter on June 11, 2024, effective July 11, 2024.

15. MCR has demanded payment of the License Fees that are due and owing.

16. Since the effective date of the Agreement, MCR has performed its duties and obligations as required by the terms of the Agreement.

17. The Agreement also provides that the prevailing party in any enforcement action shall be entitled to recover its reasonable attorneys' fees, costs, and expenses from the losing party.

18. The Agreement also provides for the application of Texas law.

19. MCR is entitled to recovery of the unpaid License Fees owed by Phoenix through the date of trial, the costs of repairs and replaced units through the date of termination of the Agreement, its cost of capital caused by the breach, interest, and attorneys' fees, and costs.

## COUNT I – BREACH OF CONTRACT

20. MCR incorporates by reference and realleges the allegations contained in paragraphs 1 through 19, inclusive, as though fully set forth herein.

21. The parties entered into the Agreement, which is a valid and binding contract.

22. MCR has performed its duties, obligations, and all conditions precedent under the Agreement.

23. Phoenix has failed to pay License Fees due under the Agreement.

24. Phoenix has failed to comply with its obligations to repair and replace laundry machines in the MCR Hotels.

25. Phoenix's breach has caused MCR to have to incur capital expenses or expected capital expenses of at least $355,000.

26. Phoenix's failure to pay MCR outstanding License Fees and failure to repair and replace laundry machines constitutes breaches of the Agreement, resulting in (1) loss of revenue and profits that would have been paid to MCR had the machines been operable, and (2) additional costs MCR incurred to repair and replace Laundry Machines Phoenix failed to repair and/or replace, and additional capital costs caused by the breach.

27. As a direct and proximate result of Phoenix's breaches of contract, as of the date of the filing of this Complaint, MCR has incurred damages in an amount not less than $558,000, plus interest, costs, and attorneys' fees.

## COUNT II – ACCOUNT STATED

28. MCR incorporates by reference and realleges the allegations contained in paragraphs 1 through 27, inclusive, as though fully set forth herein.

29. By virtue of the Agreement, Phoenix was presented with information showing it owes over $203,000 in License Fees through the date of this Complaint.

30. Phoenix has made no payment to MCR of the outstanding License Fees, and Phoenix now owes MCR over $203,000, plus interest, costs, and attorneys' fees, and any additional amounts that are due and accruing under the Agreement from the date of the filing of this Complaint through trial.

## COUNT III – BREACH OF SETTLEMENT AGREEMENT

31. MCR incorporates by reference and realleges the allegations contained in paragraphs 1 through 30, inclusive, as though fully set forth herein.

32. On October 10, 2024 the parties entered into a Settlement of the First Lawsuit.

33. Phoenix has failed to make payments due and owing required by the Settlement in the amount of $109,545, as of the date of this Complaint.

34. As a direct and proximate result of Phoenix's breaches of the Settlement, as of the date of the filing of this Complaint, MCR has incurred damages in an amount not less than $109,545, plus interest and costs, and any additional amounts that are due and accruing under the Settlement from the date of the filing of this Complaint through trial.

## COUNT IV – UNJUST ENRICHMENT

35. MCR incorporates by reference and realleges the allegations contained in paragraphs 1 through 34, inclusive, as though fully set forth herein.

36. By continuing to hold funds owed to MCR, and by failing to repair and replace broken laundry machines, Phoenix has been unlawfully enriched and it is against equity and good conscience to permit Phoenix to retain these benefits.

37. Phoenix received tangible and intangible benefits because of its improper and continued use of MCR's money and facilities, after breaching the Agreement.

38. Phoenix had no right to benefit from the continued access and/or use of MCR's money and facilities after breaching the Agreement, and any benefits derived by Phoenix from the continued access and/or use of MCR's money and facilities was improper.

39. Phoenix's receipt and retention of tangible and intangible benefits related to the continued access and/or use of MCR's money and facilities after breaching the Agreement without compensation to MCR is a benefit and enrichment that Phoenix received at MCR's expense.

40. In the alternative to Count I of this Complaint, and under principles of equity and good conscience, Phoenix must disgorge any benefit it received for its enrichment, which was improper and at MCR's expense, and give Plaintiff MCR restitution for Phoenix's receipt of those benefits, in the amount of the reasonable value of Phoenix's access and/or use of MCR's money and facilities.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

(a) For an award of monetary damages in an amount to be proven at trial, but no less than $558,000, plus statutory pre-judgment and post-judgment interest;

(b) For the costs of this lawsuit;

(c) For reasonable attorneys' fees; and

(d) For such other relief as the Court deems just and proper.

**PLAINTIFF DEMANDS A JURY TRIAL AS TO ALL CLAIMS SO TRIABLE**

Dated: November 6, 2024

          Respectfully submitted,

          **MCR INVESTORS LLC**

          */s/ Kristen A. Miller Reinsch*
          Kristen A. Miller Reinsch, Esq.
          Texas Bar No. 24048660
          3200 Olympus Blvd.
          Dallas, TX  75019
          Tel: (972)-913-2589
          kreinsch@mcrinvestors.com

          **LEICHTMAN LAW PLLC**

By:    *David Leichtman*

          David Leichtman (Pro Hac Vice to be filed)
          Emma Hoffmann (Pro Hac Vice to be filed)
          185 Madison Avenue, 15th Floor
          New York, New York 10016
          Tel: (212) 419-5210
          dleichtman@leichtmanlaw.com
          ehoffmann@leichtmanlaw.com

          *Attorneys for Plaintiff MCR Investors LLC*